TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2229
     Facsimile: (213) 894-0141
     E-mail:    james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          No. CR 2:20-00283-FMO

          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                   HUE KIM LAM
               v.

HUE KIM LAM,
   aka "Jennifer Lam,"

          Defendant.


     1.   This constitutes the plea agreement between Hue Kim Lam,

also known as Jennifer Lam ("defendant") and the United States

Attorney's Office for the Central District of California (the "USAO")

in the above-captioned case.  This agreement is limited to the USAO

and cannot bind any other federal, state, local, or foreign

prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to counts one, three,

DTR 3/21/22

and four of the indictment in <u>United States v. Hue Kim Lam</u>, CR No. 2:20-00283-FMO, which charge defendant with use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2)(count one); possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3)(count three); and possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4)(count four).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Recommend that defendant be sentenced to a term of imprisonment of no less than the low-end of the Guidelines range and not seek, argue, or suggest in any way, either orally or in writing, that the Court impose a term of imprisonment below the low-end of the Guidelines range.

i.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant.  Defendant

3

1   agrees, however, that at the time of sentencing the Court may

2   consider any dismissed charges in determining the applicable

3   Sentencing Guidelines range, the propriety and extent of any

4   departure from that range, and the sentence to be imposed.

5        d.   At the time of sentencing, provided that defendant

6   demonstrates an acceptance of responsibility for the offenses up to

7   and including the time of sentencing, recommend a two-level reduction

8   in the applicable Sentencing Guidelines offense level, pursuant to

9   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10  additional one-level reduction if available under that section.

11       e.   Recommend that defendant be sentenced to a term of

12  imprisonment no higher than the low end of the applicable Sentencing

13  Guidelines range, provided that the offense level used by the Court

14  to determine that range is 15 or higher and provided that the Court

15  does not depart downward in offense level or criminal history

16  category.  For purposes of this agreement, the low end of the

17  Sentencing Guidelines range is that defined by the Sentencing Table

18  in U.S.S.G. Chapter 5, Part A.

19                        NATURE OF THE OFFENSES

20       4.   Defendant understands that for defendant to be guilty of

21  the crime charged in count one, that is, use of an unauthorized

22  access device, in violation of Title 18, United States Code, Section

23  1029(a)(2), the following must be true: (1) defendant knowingly used

24  an unauthorized access device at any time during a one-year period;

25  (2) by using the unauthorized access device during that period,

26  defendant obtained things of value, their value together totaling

27  $1,000 or more during that period; (3) defendant acted with intent to

28  defraud; and (4) defendant's conduct in some way affected commerce

between one state and another state, or between a state of the United States and a foreign country.  An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

5.  Defendant understands that for defendant to be guilty of the crime charged in count three, that is, possession of fifteen or more unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3), the following must be true: (1) defendant knowingly possessed at least fifteen unauthorized access devices at the same time; (2) defendant knew that the devices were unauthorized; (3) defendant acted with the intent to defraud; and (4) defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

6.  Defendant understands that for defendant to be guilty of the crime charged in count four, that is, possession of device-making equipment, in violation of Title 18, United States Code, Section 1029(a)(4), the following must be true: (1) defendant knowingly possessed device-making equipment; (2) defendant acted with intent to defraud; and (3) defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.  "Device-making equipment" is any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

PENALTIES AND RESTITUTION

7.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(2), is: 10 years imprisonment; a 3-year period

of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(3), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(4), is: 15 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 35 years imprisonment; a 3-year period of supervised release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

11.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is

6

pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $3,225, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

12.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral

consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14.  Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her convictions on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

15.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

In August 2019, in Los Angeles County, within the Central District of California, defendant knowingly and with intent to defraud used an unauthorized access device, specifically, a debit card account number ending in -9832 belonging to victim J.O., and by such conduct obtained things of value aggregating at least $1,000, with said use affecting interstate commerce.  Specifically, defendant used J.O.'s debit card account number at ATM machines at the Hollywood Park Casino in Inglewood three times between August 20 and August 21, 2019, and obtained a total of $3,000 in cash, while also incurring $225 in fees.

On August 21, 2019, in Los Angeles County, within the Central District of California, defendant knowingly and with intent to defraud possessed at least fifteen unauthorized access devices at the same time, namely, seven social security numbers and 901 credit card numbers, all belonging to other persons, with said possession affecting interstate and foreign commerce.  408 of the credit card numbers that defendant possessed were numbers for credit card accounts that were active as of August 21, 2019.

On August 21, 2019, in Los Angeles County, within the Central District of California, defendant knowingly and with intent to defraud possessed device-making equipment, namely, a Deftun, model MSR-X6 card reader/writer/encoder, with said possession affecting interstate commerce.

SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

17.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss More Than $150,000: | +10 | U.S.S.G. § 2B1.1(b)(1)(F) |
| Possession of Device Making Equipment: | +2 | U.S.S.G. §2B1.1(b)(11) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Subject to the limitations set forth in paragraphs 2(h) and 3(e) above, defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

i.  Understanding that the government has in its possession digital devices and/or digital media seized from

defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

21.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 15 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or

legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $3,225; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 15 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $3,225.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this

agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute

of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this

agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25.  Defendant agrees that if any count of conviction is

vacated, reversed, or set aside, the USAO may: (a) ask the Court to

resentence defendant on any remaining counts of conviction, with both

the USAO and defendant being released from any stipulations regarding

sentencing contained in this agreement, (b) ask the Court to void the

entire plea agreement and vacate defendant's guilty pleas on any

remaining counts of conviction, with both the USAO and defendant

being released from all their obligations under this agreement, or

(c) leave defendant's remaining convictions, sentence, and plea

agreement intact.  Defendant agrees that the choice among these three

options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

26.  This agreement is effective upon signature and execution of

all required certifications by defendant, defendant's counsel, and an

Assistant United States Attorney.

## BREACH OF AGREEMENT

27.  Defendant agrees that if defendant, at any time after the

signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal

1    Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

2    Procedure, or any other federal rule, that the statements or any

3    evidence derived from the statements should be suppressed or are

4    inadmissible.

5               COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

6                                  OFFICE NOT PARTIES

7         29.  Defendant understands that the Court and the United States

8    Probation and Pretrial Services Office are not parties to this

9    agreement and need not accept any of the USAO's sentencing

10   recommendations or the parties' agreements to facts or sentencing

11   factors.

12        30.  Defendant understands that both defendant and the USAO are

13   free to: (a) supplement the facts by supplying relevant information

14   to the United States Probation and Pretrial Services Office and the

15   Court, (b) correct any and all factual misstatements relating to the

16   Court's Sentencing Guidelines calculations and determination of

17   sentence, and (c) argue on appeal and collateral review that the

18   Court's Sentencing Guidelines calculations and the sentence it

19   chooses to impose are not error, although each party agrees to

20   maintain its view that the calculations in paragraph 14 are

21   consistent with the facts of this case.  While this paragraph permits

22   both the USAO and defendant to submit full and complete factual

23   information to the United States Probation and Pretrial Services

24   Office and the Court, even if that factual information may be viewed

25   as inconsistent with the facts agreed to in this agreement, this

26   paragraph does not affect defendant's and the USAO's obligations not

27   to contest the facts agreed to in this agreement.

28

                                     16

31.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

33.   The parties agree that this agreement will be considered

//

//

17

1   part of the record of defendant's guilty plea hearing as if the

2   entire agreement had been read into the record of the proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
5   CALIFORNIA

6   TRACY L. WILKISON
    United States Attorney

7   _James A. Santiago_

8   _____        Mar. 25, 2022
    JAMES A. SANTIAGO                        Date
9   Assistant United States Attorney

10  _____        _3/25/22_
    HUE KIM LAM                              Date
11  Defendant

12  _____        _3/25/22_
    KATE MORRIS                              Date
13  Deputy Federal Public Defender
    Attorney for Defendant Hue Kim Lam

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____3/25/22_____
HUE KIM LAM                               Date
Defendant

19

1

                    CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am Hue Kim Lam's attorney.  I have carefully and thoroughly

3     discussed every part of this agreement with my client.  Further, I

4     have fully advised my client of her rights, of possible pretrial

5     motions that might be filed, of possible defenses that might be

6     asserted either prior to or at trial, of the sentencing factors set

7     forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8     provisions, and of the consequences of entering into this agreement.

9     To my knowledge: no promises, inducements, or representations of any

10    kind have been made to my client other than those contained in this

11    agreement; no one has threatened or forced my client in any way to

12    enter into this agreement; my client's decision to enter into this

13    agreement is an informed and voluntary one; and the factual basis set

14    forth in this agreement is sufficient to support my client's entry of

15    guilty pleas pursuant to this agreement.

16

17    _____          ___3/25/2022_____
      KATE MORRIS                              Date
      Deputy Federal Public Defender
18    Attorney for Defendant Hue Kim Lam

19

20

21

22

23

24

25

26

27

28

                                       20